ELIZABETH ELLSWORTH v. CITY OF FAIRBURY.

FILED OCTOBER 2, 1894. No. 5341.

1. Damages: PERSONAL INJURIES: EVIDENCE: ORDER FOR PERSONAL EXAMINATION. In an action for a personal injury a judge of the district court has no jurisdiction at chambers, outside of the county in which the cause is pending, to make an order requiring plaintiff to submit his body to a personal examination by a board of physicians appointed by the judge for such purpose.

2. ———: ———: ———: ———: ACQUIESCENCE: WAIVER. The making of such an order is not sufficient ground for reversing a judgment where the plaintiff has acquiesced therein by selecting a physician to act as a member of such board of examiners, by submitting to an examination without objecting thereto, and by permitting the testimony of said physicians to be given without raising the want of power of the judge to make the order.

3. ———: ———: INADEQUACY OF VERDICT: REVERSAL. The evidence examined, and held that the damages assessed by the jury are grossly inadequate.

ERROR from the district court of Jefferson county. Tried below before BROADY, J.

See opinion for statement of the case.

*Charles B. Rice*, for plaintiff in error:

While at chambers, outside of the county where the action was pending, the district judge had no authority to

60

order the examination by the physicians. (Consolidated Statutes, secs. 1057–1059.)

A court has no authority to make an order requiring a person to submit to a personal examination. (*Union P. R. Co. v. Botsford*, 141 U. S., 250, and cases cited.)

The following case was cited to show the rule as to the measure of damages: *City of Lincoln v. Smith*, 28 Neb., 762.

*W. H. Barnes* and *C. B. Letton, contra:*

The plaintiff, by selecting a member of the board of physicians, waived any error the trial judge may have committed in ordering an examination.

A judgment will not be reversed nor a verdict set aside for an error committed without prejudice to the party complaining. (*Gibson v. Sullivan*, 18 Neb., 558; *Dillon v. Russell*, 5 Neb., 489; *Eiseley v. Malchow*, 9 Neb., 181; *Village of Ponca v. Crawford*, 18 Neb., 541; *Pollard v. Turner*, 22 Neb., 366; *Brooks v. Dutcher*, 22 Neb., 644; *Wise v. Newatney*, 26 Neb., 89; *Cowles v. Thompson*, 31 Neb., 479.)

A court has authority to appoint an examining board and require a party to submit to a personal examination. (*Chicago & E. R. Co. v. Holland*, 122 Ill., 461; *Devenbagh v. Devenbagh*, 5 Paige Ch. [N. Y.], 554*; *Le Barron v. Le Barron*, 35 Vt., 365; *Parker v. Enslow*, 102 Ill., 272; *Hatfield v. St. Paul & D. R. Co.*, 33 Minn., 130; *Owens v. Kansas City, St. J. & C. B. R. Co.*, 95 Mo., 169; *Sidekum v. Wabash, St. L. & P. R. Co.*, 93 Mo., 400; *Shepard v. Missouri P. R. Co.*, 85 Mo., 629; *Miami & Montgomery Turnpike Co. v. Baily*, 37 O. St., 104; *Atchison, T. & S. F. R. Co. v. Thul*, 29 Kan., 466; *Sibley v. Smith*, 46 Ark., 275; *Richmond & D. R. Co. v. Childress*, 82 Ga., 719; *Schroeder v. Chicago, R. I. & P. R. Co.*, 47 Ia., 375; *White v. Milwaukee C. R. Co.*, 61 Wis., 536; *Stuart v. Havens*, 17 Neb., 211; *Sioux City & P. R. Co. v. Finlayson*, 16 Neb.,

578; *Missouri P. R. Co. v. Johnson*, 72 Tex., 95; *Alabama G. S. R. Co. v. Hill*, 90 Ala., 71.)

*E. H. Hinshaw*, also for defendant in error.

NORVAL, C. J.

This was an action brought by plaintiff in error in the court below to recover damages for personal injuries sus. tained by her by falling through a defective sidewalk on Second street, in the city of Fairbury. From a verdict and judgment against the city for the sum of $100 the plaintiff prosecutes error to this court.

Prior to the trial the attorney for the city, upon notice to the plaintiff, presented to Judge Morris at chambers in the court house, in Saline county, a motion asking him to appoint a board of physicians to make an examination of the person of the plaintiff, for the purpose of ascertaining the extent of her alleged injuries and the cause thereof. Plaintiff filed an objection to the hearing of said motion outside of the county in which the cause was pending. The judge, however, made the following order, which was entered upon the journal of the district court of Jefferson county:

"STATE OF NEBRASKA, } ss.
   JEFFERSON COUNTY.    }

"In the District Court thereof of the Fifth Judicial District.

"ELIZABETH ELLSWORTH, PLAINTIFF, }
                    v.                           }
THE CITY OF FAIRBURY, DEFENDANT. }

. "And now on this 25th day of March, 1891, this motion coming on for hearing before me, W. H. Morris, judge of the fifth judicial district of the state of Nebraska, and it appearing that due notice has been given of the application and filing of this motion, and having read the affidavit of E. H. Hinshaw filed herewith,

"It is ordered by me that Dr. G. W. Johnson, of Fairmont, Dr. E. L. Mitchell, of Lincoln, Dr. A. Conrad, of Crete, and one physician to be selected by each party hereto, be, and they are hereby, appointed a board of surgeons and physicians to proceed to the residence of plaintiff in this case, in Fairbury, Nebraska, and to thoroughly examine said plaintiff, and to ascertain, if possible, what disease or injury she is now suffering from, if any, and the cause thereof.

"It is further ordered that the costs and expenses attending such examination shall be paid in the first instance by the defendant in the case, and the same reported to the clerk of the district court of Jefferson county, Nebraska, to be charged up as costs in this case, and to abide the result thereof.          WM. H. MORRIS,

                                                   "Judge."

It is insisted that the district judge was without jurisdiction or authority to make the foregoing order at chambers, and especially outside of the county where the suit was pending. We think the objection is well taken. We are not aware of any statute in this state which confers power upon a district court to require the plaintiff in an action to recover damages for personal injuries to submit his body to a personal examination by a board of physicians appointed for that purpose. Whether such authority exists independent of a statutory provision upon the subject there is a wide conflict in the decisions of the courts of our sister states. It is unnecessary to express an opinion upon the question in the case under consideration, but in passing it is not improper to state that the weight of authority in this country fully sustains the power of a court, in a proper case, on application made therefor, to make an order requiring the plaintiff to submit his person to personal examination by experts selected by the court. Many of the cases so holding are cited in the brief filed by the city. Assuming, then, for the purposes of this case, that such power exists,

the question is presented whether the same can be exercised by a judge at chambers. Section 23 of article 6 of the constitution declares that "the several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." In compliance with the foregoing provision the legislature enacted sections 39 and 57 of chapter 19 of the Compiled Statutes, conferring upon the several judges of the district court certain enumerated powers when sitting at chambers; but in neither of these sections, nor in any other statutory provisions, is jurisdiction conferred upon a judge at chambers to hear and pass upon a motion like the one in the case before us. We are persuaded that the learned district judge exceeded his powers in the appointing of a board of physicians to examine plaintiff. But it is equally clear that this error does not call for a reversal of the judgment. The record discloses that no exception was taken to the order when made, but on the other hand that plaintiff acquiesced therein by selecting a physician to act as a member of the board, by submitting to an examination without objection, and permitting the physicians constituting such board to give their testimony, without seeking to take advantage of the want of power or authority of the judge to make the order. Plaintiff having voluntarily obeyed the order, and having failed to raise the question in the trial court before verdict, it is too late now to do so.

The third, fourth, and fifth assignments of error relate to the rulings of the court on the introduction of testimony; but inasmuch as they are expressly waived in the brief of plaintiff in error, they require no consideration at our hands.

The four remaining assignments in the petition in error are grouped together in the brief and argument filed by plaintiff. They all seek to raise a single proposition, namely, the damages assessed by the jury are grossly inadequate to compensate plaintiff for the pecuniary damages

sustained by her and proved on the trial. There is a sharp conflict in the evidence as to the extent of plaintiff's injuries. The testimony on the part of the city tends to show that they were only of a temporary character, while the plaintiff's witnesses testified that she was injured for life. We must regard the verdict as having settled that question in favor of the city, since the evidence adduced on the trial would have justified a finding either way upon that issue. It is undisputed that the average weekly earnings of plaintiff prior to the accident were from $8 to $10, and that since receiving the injuries up to the time of the trial, or for thirty-eight weeks, she has been wholly unable to do any work. Therefore, under the uncontradicted testimony, the verdict should have been at least $304. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.