Mares v. Chaloupka.

---

ALBERT MARES, APPELLANT, V. HENRY CHALOUPKA, APPELLEE.

FILED APRIL 21, 1923. No. 22263.

1. **Appeal**: REVERSAL. When it appears in an action for personal injuries that a verdict is apparently the result of passion and prejudice and is inadequate, such verdict will be set aside and a new trial will be granted.

2. **Negligence**: INSTRUCTIONS. In a personal injury action, when there is evidence tending to show contributory negligence on the plain-

tiff's part, the jury should be instructed, under section 8834, Comp. St. 1922, on the question of comparative negligence.

APPEAL from the district court for Saline county: LEONARD W. COLBY, JUDGE. *Reversed.*

*Crofoot, Fraser, Connolly & Stryker* and *B. V. Kohout,* for appellant.

*Bartos & Bartos* and *Grant G. Martin,* contra.

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DEAN, JJ., RAPER, District Judge.

DEAN, J.

Plaintiff recovered a verdict and judgment for $540 in an action for personal injuries growing out of a collision between defendant's car and a two-wheeled cart or sulky, in which he was riding on Main street in Wilber. Alleging inadequacy of the verdict, plaintiff appealed.

With respect to plaintiff's injuries a physician testified that there was "a compound fracture of the head of the big bone" and that a bone "about one inch at the top and an inch at the base" was removed; that they used "a drainage tube and put on splints," and that the Carrol-Daykin system of irrigation was used for a little more than two days; that the splints were not removed for about a month and that plaintiff was confined to his bed between four and five weeks; that he walked with crutches for about three months and afterward he used a cane; that he had "a partial stiffness of the knee" and that he did not know whether that would be permanent. The doctor said he did not render a bill, but that his charge was $250, and that it was reasonable.

Another physician who attended plaintiff for a part of the time corroborated the evidence of the doctor whose evidence has just been reviewed. He added, however, that the removal of the bone would cause a retarding of the motion in plaintiff's knee which would, in his opinion, be permanent. He testified that his charges were $100 and that they were reasonable.

Plaintiff alleged that all of his expenses amounted to $540, which, as hereinbefore noted, was the amount of the jury's verdict. The expenses, as itemized in his petition, were "expenses in connection with said ac-- cident in the sum of $350 for doctor's services, $25 nurse's expenses and compensation, $20 for repair of cart, $20 repair of harness and $125 for care of his horse during his confinement."

Only one question is presented, namely, is the verdict adequate in view of the fact that defendant's negli- gence was established by the verdict? He did not prose- cute a cross-appeal. Had the jury believed defendant was not guilty of negligence the verdict should have been in his favor. But having found for plaintiff, and by its verdict having declared that defendant was negli- gent, it became the duty of the jury to assess com- pensatory damages in some amount. It did not do so. The verdict awarded the exact amount which plaintiff alleged in his petition he was obligated to pay for medi- cal services, hospital attendance, and other expenses. Nothing appears to have been awarded for his injuries, which may be permanent, nor for pain and suffering which he endured, nor for loss of employment. Nor did the jury appear to consider the fact that his income was about $1,000 a year.

The record does not present a case where some un- forseen emergency occurred which naturally overpowered the judgment of defendant so that for a time he was rendered incapable of promptly intelligent action. The night was misty. The windshield was covered with moisture. It was difficult to see ahead. Under all the circumstances he should have stopped when he suddenly came upon the standing cart immediately before him. We think the verdict is inadequate and must have been rendered under the influence of passion and prejudice. *Ellsworth v. City of Fairbury*, 41 Neb. 881; 29 Cyc. 847, 848.

Notwithstanding there is a good deal of conflict in

the evidence, we conclude that plaintiff, in view of the record, should have a new trial. When the case is tried again the jury should be instructed on the question of comparative negligence upon which there was no instruction in the former trial.

The judgment is vacated and a new trial ordered.

REVERSED AND REMANDED.