PHYLORY R. DOLEN, APPELLANT, V. BEATRICE RESTAURANT COMPANY, APPELLEE.

289 N. W. 336

FILED DECEMBER 8, 1939. No. 30653.

*Bruce Fullerton* and *Ladd J. Hubka,* for appellant.

*Rexford C. Rankin* and *H. F. Mattoon, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an action for damages wherein the plaintiff, Phylory R. Dolen, sued the defendant, the Beatrice Restaurant Company, for bodily injuries sustained by her on February 1, 1938, in, accidentally and without negligence, falling down a dangerous stairway which plaintiff alleged the defendant negligently maintained in its place of business, and which, her petition sets forth, was dark and "hidden" and constituted "a trap." The nature of the injuries received by her, by reason of this accident, are specifically set forth, and she alleges that, as a result thereof, she has expended or become liable for doctor bills, nurse hire, and hospital bills; she has lost her entire earning power and will be unable to carry on her business in the future; she has been permanently injured; and has suffered and still suffers great and excruciating pain, all to her damage in the sum of $21,000, for which judgment was prayed.

The defendant in its answer admitted that the plaintiff on or about the 1st day of February, 1938, fell down a stairway in defendant's place of business, and denied each and every other allegation in plaintiff's petition contained. Also, contributory negligence of the plaintiff is pleaded. Plaintiff joined issues by her reply filed.

Trial was had, at the close of which the trial jury returned a verdict in which they "find for the plaintiff and against the defendant and assess the amount of her recovery at the sum of $700." Plaintiff thereupon filed her motion for a new trial, and from the order of the trial court overruling the same, she now appeals. The defendant filed no motion for a new trial and has not appealed.

An examination of the evidence preserved in the bill of exceptions discloses that while the case involved conflicting proof it contains ample evidence, if believed, to sustain

the finding for the plaintiff. The question as to whether the amount of damages allowed by the jury is clearly inadequate under the proof made is controlling.

A determination of the questions submitted by the trial court required either a verdict in favor of the defendant, or a verdict in favor of plaintiff for substantial damages.

On the subject of damages, the trial court instructed the jury, viz.:

"The jury are instructed that, if you find from a preponderance of the evidence that the plaintiff is entitled to recover in this action, she will be entitled to recover such an amount as will fairly and reasonably, but not excessively, compensate her for the physical injuries sustained by reason of the accident, which would also include fair and reasonable compensation for mental and physical pain and suffering which she may have sustained, for the diminution of plaintiff's capacity to carry on her occupation or business and fair and reasonable sums which she has paid or incurred for necessary medical, hospital and like expenses, as shown by the evidence."

There is evidence in the record which sustains every element of recovery referred to in the foregoing instruction, including value of personal earning power of which the accident deprived her. In addition, it is established by uncontradicted evidence that the doctor bills, the nurse hire, and the hospital expenses, including ambulance expenditures, all reasonably and necessarily incurred, amounted to the sum of $994. Therefore, the jury disregarded both the instruction of the court and evidence wholly undenied, as to necessary doctor bills, hospital fees, nurses, and ambulance hire; and also denied plaintiff substantial recovery for the injuries sustained by her, and for pain and suffering occasioned thereby, as clearly established by the proof. The instructions given did not permit the jury to award a recovery by plaintiff of a clearly inadequate sum. In the instant case the amount awarded the plaintiff for damages is established by clear, unequivocal testimony to be grossly inadequate.

The rule is, viz.: "When the amount of the damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict." *Preston v. Farmers Irrigation District,* 134 Neb. 503, 279 N. W. 298. See, also, *Meier v. Bridgeport Irrigation District,* 113 Neb. 344, 203 N. W. 543; *Mares v. Chaloupka,* 110 Neb. 199, 192 N. W. 397.

We think that the verdict returned is not only grossly inadequate, but that it must have been rendered under the influence of passion and prejudice. *Ellsworth v. City of Fairbury,* 41 Neb. 881, 60 N. W. 336.

It follows that the district court erred in its overruling of plaintiff's motion for a new trial. The judgment of the district court is, therefore, reversed and the cause remanded for further proceedings.

REVERSED.