Miss CATHERINE M. SCHUMACHER, APPELLEE, v. NELS A. LANG ET AL., APPELLANTS.

68 N. W. 2d 892

Filed March 4, 1955. No. 33645.

*Ralph R. Bremers,* for appellants.

*Charles E. Kirchner,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages for personal injuries. Plaintiff was a passenger in an automobile that was involved in an intersection collision with an automobile driven by defendant Duane Lang. The car was owned by defendant Nels A. Lang, father of Duane Lang. The father was made a defendant under the family purpose rule.

Issues were made and trial was had resulting in a verdict in the sum of $400 for plaintiff.

A motion for a new trial was made by plaintiff, and was sustained. A new trial was had, resulting in a verdict for plaintiff in the sum of $500 against both defendants. Plaintiff made a motion for a new trial. A new trial was granted. Defendants appeal from the order granting a new trial.

We affirm the judgment of the trial court.

At the close of the trial the court instructed on the issues of negligence, proximate cause, family purpose, and damages. The court specifically instructed the jury that it could not compare the negligence of the defendants, if any, with the negligence, if any, of the driver of the car in which plaintiff was riding and that as a matter of law plaintiff was guilty of no negligence which contributed to the cause of the injuries. These instructions are not assailed here. The jury resolved questions of negligence, proximate cause, and family purpose in favor of plaintiff. Those findings are not assailed here.

The question here is the adequacy of the verdict. At the hearing on the motion for a new trial, both parties offered affidavits of jurors as to the matters considered and discussed in the jury room. These affidavits go to the questions of the construction of the instructions; credibility of witnesses; how the accident happened; which of the drivers was at fault; and the reasoning and items that entered into the verdict that was rendered.

That part, if not all, of these affidavits were received in evidence is clear from the record. It does not affirmatively appear that the trial court considered them in granting a new trial.

The established rule is: "An affidavit of a juror as to what items the jury allowed or disallowed in computing the amount due, or what the jury believed they had a right to do under the instructions, is incompetent. Such matters are commonly held to inhere in the verdict." Preliminary to that statement we reaffirmed

this holding: "No affidavit, deposition, or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered, or to show a mistake in it; or that they misunderstood the charge of the court; or that they otherwise mistook the law; or the result of their finding." Spreitzer v. State, 155 Neb. 70, 50 N. W. 2d 516.

The admission of the affidavits was error. That error, however, is not determinative of this appeal. The question remains as to whether the amount of the verdict was so plainly inadequate as to justify the granting of a new trial.

It is undisputed that as a result of this accident plaintiff received a comminuted fracture of the right elbow. She was hospitalized from July 4 to July 15, 1952. Her arm was in a cast until August 5. During the first 2 days and nights her arm was kept in suspension. Sedatives were necessary to ease the pain. She suffered pain throughout and, in degree, pain is expected in the future.

The injury to her arm is permanent. It is described in varying ways: The loss "of two-thirds of the use of the right upper extremity" based upon an almost complete loss of the use of the elbow; limited motion of the use of the elbow joint, being a loss of 120 degrees motion of the right arm; a 30 degree motion in the elbow remains, with a loss of power to turn the hand up or down; and some loss of "the carrying angle in the elbow." There is no dispute as to this condition.

Plaintiff is an elderly lady with a life expectancy of over 10 years. Prior to the accident, she earned her living doing housework for others. In addition to board and room, she earned at times $1.50 a day. Just prior to the accident she was so employed and was being paid $3 a week, in addition to board and room and some clothing. Her ability to work and earn has been materially lessened as a result of these injuries.

Plaintiff's out-of-pocket expenses in connection with

this accident were a total of $301.95, including $8 for ambulance costs, hospital bills totalling $131.45, and physician and surgeon bill, $162.50. These expense items were admitted in evidence without objection and were established as the reasonable value thereof as to the doctor's item, and that value was not questioned as to the other items. This leaves an award of $198.05 to compensate for pain and suffering, permanent disability, wages lost, and impaired earning capacity.

We are quite reluctant to set aside a jury's verdict covering elements of damage that are not subject to exact mathematical calculation. Here the inadequacy of the amount recovered for damages is quite definite and demonstrable. The trial court instructed the jury that in computing damages they could consider the nature and extent of the injuries received; pain and suffering, past and future; the loss of time and the reasonable value thereof; the reasonable value of medical service and hospital care; and the loss of earning capacity and the facts and circumstances bearing on such loss. There is evidence that sustains these elements of recovery. As we said in Dolen v. Beatrice Restaurant Co., 137 Neb. 247, 289 N. W. 336, these instructions did not permit the jury to award a recovery of a clearly inadequate sum.

For many years, the Code of Civil Procedure carried a provision as follows: "A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained." G. S. 1873, c. 57, tit. IX, § 315, p. 578. This provision was repealed in 1911. See Laws 1911, c. 169, § 1, p. 547.

Prior to the repeal of this provision, we had adopted "a reasonable, humane and liberal interpretation" of this provision. See, Ellsworth v. City of Fairbury, 41 Neb. 881, 60 N. W. 336; Carpenter v. City of Red Cloud, 64 Neb. 126, 89 N. W. 637.

We have now definitely established the rule that: "When the amount of the damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict." Ambrozi v. Fry, 158 Neb. 18, 62 N. W. 2d 259.

As this record stands, it would have been an abuse of discretion for the trial court to have refused to set aside the verdict and grant a new trial.

For cases with somewhat similar factual situations where the courts came to a like conclusion, see, Goss v. Fanoe, 114 Cal. App. 2d 819, 251 P. 2d 337; Richardson v. Missouri Fire Brick Co., 122 Mo. App. 529, 99 S. W. 778; Jensen v. City of Chicago, 306 Ill. App. 265, 28 N. E. 2d 311; Schacht v. Elliott, 332 Ill. App. 557, 76 N. E. 2d 233; Miller v. Chicago Transit Authority, 3 Ill. App. 2d 223, 121 N. E. 2d 348.

The judgment of the district court is affirmed.

AFFIRMED.