VIVIAN M. COOPER, APPELLANT, v. ROMAN EUGENE HASTERT, APPELLEE.

124 N. W. 2d 387

Filed November 15, 1963. No. 35474.

Haney, Walsh & Wall, for appellant.

Eisenstatt, Lay, Higgins & Miller, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

From a jury verdict and judgment for the plaintiff on two causes of action arising out of an automobile accident, the plaintiff appeals, asserting inadequacy of the damages awarded and error in an instruction on damages.

Plaintiff's first cause of action is for personal injuries, and her second is by way of assignment from her husband for medical expenses and loss of services. Defendant's answer admits the collision of September 17, 1960, and admits that the collision was caused by negligence of the defendant, but denies each and every other allegation of the plaintiff's petition. On trial of the case, a jury verdict and judgment were rendered for $737.47 on plaintiff's first cause of action for injuries, and $762.53 on the second cause for medical expenses and loss of services, or a total sum of $1,500.

Negligence of the defendant in causing the accident being admitted, the trial court submitted the two remaining issues to the jury: First, whether all or any part of the injuries and expenses claimed by the plaintiff were the proximate result of the admitted negligence of the defendant in causing the accident; and second, a determination of the extent of such injuries and expenses, and the amount of money to be awarded for them.

The medical testimony in this case is in dispute. The injuries claimed by the plaintiff centered around the

neck and adjacent areas of the back. Plaintiff worked half days for a short period of time after the accident and then returned to full-time work. Examination, including X-ray, revealed an existing arthritic condition and that there were no dislocations or fractures. Whether the plaintiff suffered any limitation of motion in the affected areas, or if any motion caused her pain, were issues upon which the evidence was conflicting. The jury could have found widely varying answers to these questions from the plaintiff's own medical witnesses. On the other hand, the defendant's medical testimony negatived any finding of limitation of motion, muscle spasm, permanent disability, or loss of function. It also was to the effect that she was consciously controlling her reactions to the different tests that were given and that her complaints were of an emotional origin and not related to trauma. The testimony, both as to the extent of, and the causes of her condition, was in conflict and susceptible to widely varying inferences.

As to the second cause of action, medical bills incurred by plaintiff were in the sum of $870 and she estimates a loss of earnings of $123.50. It is asserted that the fact that this evidence was undisputed binds the jury to return a larger verdict on the second cause of action. But, the jury had a right to determine what portion of her treated injuries and complaints was proximately caused by the accident. It had a right to determine what portion of her calls, examinations, and the charges incident thereto, was reasonably required on account of any injury received due to the defendant's negligence. It might have been significant to the jury that one of the two doctors employed by the plaintiff was consulted almost two years after the accident.

An admission of liability for an accident does not constitute an admission that all damages claimed by the plaintiff, even though undisputed in the record, were the proximate result of the accident. A verdict and judgment will not be set aside as inadequate unless

they are clearly wrong and so against the weight and reasonableness of the evidence as to indicate they were the result of passion, prejudice, or mistake. Cover v. Platte Valley Public Power & Irr. Dist., 173 Neb. 751, 115 N. W. 2d 133. Plaintiff cites and argues Ellsworth v. City of Fairbury, 41 Neb. 881, 60 N. W. 336; Dolen v. Beatrice Restaurant Co., 137 Neb. 247, 289 N. W. 336; Schumacher v. Lang, 160 Neb. 43, 68 N. W. 2d 892; and Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534. Brevity forbids a detailed review of these cases. We have examined them and find nothing therein controlling of this case. Each case must be examined on its own particular facts and circumstances in the light of the applicable rule as to inadequacy. In all of these cases the court found that there was undisputed evidence which would require the jury, if it found for the plaintiff, to return a larger verdict than that which it did.

Plaintiff contends there was error in instruction No. 4 given by the trial court on its own motion. In this instruction, the court submitted, as to both causes of action, the issues of whether the plaintiff sustained injuries as a proximate result of the accident, and "the amount in money" of the loss thus sustained. The instruction requires the plaintiff to establish these elements by a preponderance of the evidence, and requires a verdict for the defendant in the event of failure to meet the stated burden of proof. The plaintiff argues prejudicial error in permitting the jury to return a verdict for the defendant. Both proximate cause and the amount and nature of the damages were issues in this case. Failure to meet the requisite burden of proof would require a verdict for the defendant. In a similar situation in Cover v. Platte Valley Public Power & Irr. Dist., *supra*, the negligence of the defendant was determined as a matter of law. In response to a contention that the defendant was liable as a matter of law, the court said as follows: "But, contrary to the plaintiff's present contention, the plaintiff was not relieved from

the burden of proving that his damages were proximately caused by the negligence of the defendant, and the amount of the damages." We note further that there was a verdict for the plaintiff here in this case on both causes of action. Implicit in the verdict on the separate causes of action was a finding that the burden of proof as to proximate cause had been met as to some of the damages claimed by the plaintiff, but not as to all of the damages which the testimony supported. The contention as to adequacy is without merit.

Plaintiff contends error in the court's instruction No. 4 by putting the burden on the plaintiff to prove "*the amount in money* of the loss and damage thus sustained by the plaintiff." It is asserted there is no burden to prove in money, or in dollars and cents, the value of her pain and suffering. Such a fragmentary and literal interpretation of "amount in money" is not permissible. Instructions to a jury should be considered as a whole, and the meaning of an instruction or instructions when taken as a whole, and not the phraseology of any particular portion, is the important consideration. Hiner v. Nelson, 174 Neb. 725, 119 N. W. 2d 288; Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579; Brown v. Hyslop, 153 Neb. 669, 45 N. W. 2d 743. In the following instruction, No. 5, the court fully instructed as to all of the factors to be taken into consideration in arriving at the amount of any damages and stated that the law has not established any fixed rules by which to assess damages and leaves "the amount of damages to the sound judgment of the jury." The language used was, therefore, neither misleading nor did it impose an additional burden upon the plaintiff.

The assigned errors of inadequacy of the verdict and error in instruction No. 4 are without merit. The judgment of the trial court is affirmed.

AFFIRMED.