DWAINE BOHN, APPELLANT, V. DARRELL KRUGER, APPELLEE.

176 N. W. 2d 14

Filed April 3, 1970.   No. 37386.

Deutsch & Hagen, for appellant.

McFadden & Kirby and Jewell, Otte & Pollock, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for damages resulting from a farm accident in which the defendant backed a tractor over the plaintiff. The jury verdict for the plaintiff was $3,194.99, and plaintiff has appealed. The sole issue on appeal is the inadequacy of the verdict and judgment.

It was stipulated that the plaintiff had paid certain bills for items of special damages in the total sum of $3,424.62, and that the amounts paid were fair and reasonable. The jury verdict of $3,194.99 was the exact amount of the stipulated medical expenses paid by the plaintiff. The remaining items of special damages totaling $229.63 represented farm labor hired by the plaintiff while incapacitated.

Plaintiff's original injuries were undisputed. He sustained three fractures of the pelvic ring. His bladder was ruptured and his urethra completely severed. These injuries required surgery. The plaintiff spent 30 days in the hospital immediately following the accident. He was returned to the hospital for an additional 4 days approximately 2 weeks after his first release. The acci-

dent occurred on April 30, 1966, and at the time of trial in May 1969, he was still under medical care.

The surgeon and also the treating urologist testified that the plaintiff had a stricture of the membranous urethra where it had been severed; a residual defect in the bladder; and an elongated and fixation of the prostatic urethra. In the opinion of the treating urologist, the plaintiff had a 25 percent permanent partial disability.

The only other doctor who testified was a urologist who examined the plaintiff on one occasion more than 2 years after the accident. He had never seen any X-rays of the plaintiff. His examination was manual and cystoscopic. He testified that the plaintiff's lower urinary tract at the time of his examination was normal except for the stricture of the membranous urethra. He did not know what percentage of disability would result because he felt there was nothing incapacitating. He testified that if internal surgery were required to repair the stricture, there might be a disability of "5 per cent at the most."

All of the doctors agreed that there is a stricture or narrowing of the membranous urethra, and that it will require periodic dilations in the future. There is no dispute but that the plaintiff had extensive pain and suffering. While there was some evidence of damage to plaintiff's sexual capabilities, this evidence was disputed and largely speculative or conjectural.

Contributory negligence of the plaintiff was pleaded and submitted to the jury. The evidence was more than ample to sustain a verdict for the plaintiff. The plaintiff's stipulated special damages exceeded the amount of the jury's verdict. It is apparent that the jury disregarded the instructions of the court and the uncontradicted evidence of special damages. It is also obvious that plaintiff received no damages for pain and suffering, nor for any permanent injury. Under the facts here, the amount of the verdict was grossly inadequate.

When the amount of the damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict. Dolen v. Beatrice Restaurant Co., 137 Neb. 247, 289 N. W. 336; Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534; Schumacher v. Lang, 160 Neb. 43, 68 N. W. 2d 892.

The district court erred in overruling the motion for new trial. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.