KEARNEY CONVENTION CENTER, A NEBRASKA CORPORATION, APPELLANT, V. ANDERSON-DIVAN-COTTRELL INSURANCE, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

370 N.W.2d 86

Filed July 5, 1985.   No. 84-186.

Sidwell & Shofstall, for appellant.

Wagoner & Wagoner, for appellees.

KRIVOSHA, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

RIST, D.J.

This is an action by plaintiff-appellant against defendants, who are insurance brokers, for negligently failing to obtain business interruption insurance with appropriate policy limits to adequately protect plaintiff. The case was tried to a jury, which returned a verdict for plaintiff in the sum of $42,971, for which amount the trial court entered judgment. Plaintiff appeals, assigning as error that the trial court failed to instruct on the proper measure of damages and failed to sustain plaintiff's motion for judgment notwithstanding the verdict or,

alternatively, for a new trial on the issue of damages.

Plaintiff is a corporation operating a motel complex in the city of Kearney, Nebraska. For a number of years prior to January 16, 1981, plaintiff purchased its various policies of insurance from defendants, including business interruption insurance. Beginning in 1978, the policy provided for such business interruption insurance in the amount of $700,000 on an 80-percent coinsurance basis based upon the gross earnings of the plaintiff. The policy provided in part that the company shall not be liable for a greater proportion of any loss than the limit of liability bears to the amount produced by multiplying the coinsurance percentage of 80 percent by the gross earnings that would have been earned (had no loss occurred) during the 12 months immediately following the date of damage to or destruction of the motel. In other words, the limit of liability ($700,000) must at least equal 80 percent of one year's gross earnings of the plaintiff in order for plaintiff to recover the full amount of loss within the policy limits without penalty or reduction.

On January 16, 1981, a fire occurred in the motel which resulted in the motel business being out of operation in whole or in part until June 4, 1981. The insurance company computed the total business interruption loss of gross earnings to be $333,396 but determined that plaintiff was underinsured and not within the 80-percent coinsurance requirement, to the extent that the policy would provide coverage for only 36 percent of the loss, and therefore paid only $119,472 of such loss. Plaintiff then brought this action alleging that defendants, as insurance brokers, were negligent in (1) failing to use reasonable care to obtain adequate business interruption insurance for plaintiff, (2) failing to use reasonable care in obtaining the necessary financial information from plaintiff, and (3) failing to use reasonable care to advise plaintiff that the policy amount of insurance would reimburse only a fraction of any loss. Plaintiff sought to recover its loss resulting from such negligence. The verdict was for plaintiff, as above indicated.

We note that the trial court submitted to the jury the allegations of negligence set out above, that the defendants in their answer made no allegations of contributory negligence,

and that no such issue was submitted to the jury. There were no objections by defendants to the instructions setting forth the allegations of negligence above noted.

The evidence of actual gross earnings lost was determined by expert testimony using business records of the plaintiff and projections based upon such records. Plaintiff's expert was the adjuster for the insurance company having the business interruption insurance. He calculated the actual loss of gross earnings to be $333,396; that as a result of plaintiff's failure to meet the coinsurance requirement as previously set out, the carrier paid $119,472 of such loss, leaving an uninsured loss of $213,924. Defendants' expert differed on certain items to be considered in the computation of the actual gross earnings loss and determined such loss to be $256,768. He subtracted the amount of insurance paid ($119,472) and arrived at an uninsured loss of $137,296.

The manner of computing the failure to meet the coinsurance requirement was not challenged, nor was there any challenge to the accuracy of the data used. Defendants' defense was, in essence, that plaintiff had failed to give them sufficient data, as defendants had requested, to make an adequate determination of proper coverage and that they had advised plaintiff of the basis of the coinsurance requirement and the need for adequate compliance. Plaintiff, through its officers, testified it offered defendants all the information requested of it by defendants and that defendants assured plaintiff it had adequate business interruption coverage. This evidence went essentially to the issue of liability, and the jury by its verdict determined that defendants had breached their duty to the plaintiff.

As previously noted, plaintiff's assignments of error relate to the amount of damages awarded by the jury. There is no cross-appeal by defendants on any issue.

With respect to plaintiff's first assignment of error, that the trial court erroneously instructed on damages, the record reflects the jury was instructed in instruction No. 4 that the measure of damages was "the amount of monies which will fairly and reasonably compensate the Plaintiff for its damage proved by a preponderance of the evidence to have proximately resulted from the negligence of the Defendants." No objection

was made to this instruction, but plaintiff submitted a requested instruction further defining the measure of damages to be "the amount that plaintiff would have been paid under the policy had the insurance been properly obtained by the insurance agent." This requested instruction was refused by the trial court.

We hold first that while the general instruction on damages as contained in instruction No. 4 was a proper general instruction, there is in a case such as this a definite measure of damages to be considered by a jury, and the trial court did not instruct upon it. Where the law provides a definite measure of damages, the court is required to specifically instruct the jury on such measure. It is only where there is no definite measure of damages that a general instruction on compensatory damages is sufficient. *White v. Longo*, 190 Neb. 703, 212 N.W.2d 84 (1973); *Hickman-Williams Agency v. Haney*, 152 Neb. 219, 40 N.W.2d 813 (1950). While this court has not specifically passed on this point, there is ample authority from other jurisdictions that where some portion of the insurance was effectuated, although less than the broker had a duty to obtain, the measure of damages is the actual loss sustained which should have been insured less such insurance recovery as was in fact paid. *Eddy v. Republic Nat. Life Ins. Co.*, 290 N.W.2d 174 (Iowa 1980); *Klonis for use of Con. Am. Ins. v. Armstrong*, 436 So. 2d 213 (Fla. App. 1983); *White v. Calley*, 67 N.M. 343, 355 P.2d 280 (1960); *Cusimano v. St. Paul Fire & Marine Ins. Co.*, 405 So. 2d 1382 (La. App. 1981). The trial court's failure to so instruct requires us in part to reverse the verdict and to set aside the amount of the judgment herein.

We further hold that the requested instruction of the plaintiff was incorrect on the facts in this case. Such instruction would be proper in a case where the insurance broker failed to obtain any coverage on the loss involved. It would not be proper where there was not a total lack of coverage, given the rule that we have set forth above. The trial court correctly refused to give such instruction.

We further find that the verdict rendered of $42,971 is clearly and substantially less than a jury should have awarded on the evidence received and under the measure of damages set out in

this opinion, given the fact that defendants' liability was established and that there were no issues of contributory negligence. This may have resulted from the lack of a more precise instruction on the measure of such damages, but in any event there was no basis warranting such amount, it being substantially less than the evidence reflects.

Plaintiff's other assignment is that the court incorrectly failed to sustain its motion for judgment notwithstanding the verdict or, alternatively, for a motion for a new trial on the issue of damages. On the record, the trial court could not properly grant a judgment notwithstanding the verdict, since it was clearly a case for the jury on the issue of damages and there is no rule in this state permitting an additur. But plaintiff's motion for new trial on the issue of damages should have been sustained.

It is clear that the issue of liability which has been determined in favor of plaintiff in this case is not involved in the determination of damages, and it is therefore proper to remand the cause for retrial on the issue of damages only. *Harper v. Young*, 139 Neb. 624, 298 N.W. 342 (1941).

We, therefore, remand the cause for a new trial on the issue of damages.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.