TODD E. SANWICK, APPELLANT, V. CLARK E. JENSON, APPELLEE.

508 N.W.2d 267

Filed November 24, 1993.    No. S-91-749.

Tim J. Kielty for appellant.

Michael J. Mooney, of McCormack, Cooney, Mooney, Hillman & Elder, for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

In this negligence action, the district court, in accordance with the verdict, entered a $9,359.35 judgment in favor of the plaintiff-appellant, Todd E. Sanwick, and against the defendant-appellee, Clark E. Jenson. Sanwick asserts, in summary, that the district court erred in overruling his motion for a new trial on the ground that the verdict is inadequate. We affirm, for (1) the incomplete record Sanwick brought to us presents no evidence that the verdict was inadequate, and (2) even if the record presented were to have shown an inadequate verdict, its lack of completeness makes appellate review impossible.

## II. FACTS

The court reporter's certificate tells us that the bill of exceptions contains all the evidence Sanwick requested, and the reporter further tells us that the document begins with the third witness. As a consequence, it contains Sanwick's, and only Sanwick's, description of the collision. But we know that Jenson and another person also testified on the matter of how the collision occurred, because Sanwick tells us so in his testimony.

The partial record does establish that the action arises out of a collision which occurred at an intersection on November 2, 1987, between a vehicle operated by Sanwick on a highway protected by a stop sign and one operated by Jenson on an unprotected road. While Sanwick's petition alleges the collision

was due to Jenson's negligence, Jenson's answer pleads that the collision was the proximate result of Sanwick's negligence and contributory negligence and that such negligence and contributory negligence were of a degree sufficient to bar Sanwick's recovery.

There is evidence that as a consequence of the collision, the presently 29-year-old Sanwick, who was formerly in good health, now suffers from a chronic back strain; that all available means of conservative treatment have been exhausted and that surgery will not be beneficial; that the condition is painful and permanent; that he has missed work; that Sanwick has in the past needed and will in the future require medication; that Sanwick's occupation at the time of the collision as a carpenter made it necessary that he lift, bend, and crawl, and that these activities aggravate his condition; that he has been depressed; and that because of his chronic and disabling symptoms Sanwick gave up his soon-to-be-$9-per-hour carpenter job and at the time of trial in May 1991 was working at a less taxing job in a cabinet shop, at which he was earning less than $8 per hour.

There is also evidence that Sanwick incurred approximately $8,000 in medical and hospital expenses, that Sanwick sustained a 20- to 30-percent loss of earning capacity, and that the present value of the economic loss he will sustain over his worklife expectancy, including the wages he has already lost, is $133,000.

However, the record also establishes that Sanwick was symptom-free as of January 18, 1988; that when he was examined on April 18, 1990, he demonstrated full and painless back movement; that he had no spasms or shrinking of the back and leg muscles; and that, in short, he suffers no physical defect which can be medically associated with his back injury.

## III. ANALYSIS

### 1. AMOUNT OF VERDICT

It is true, as Sanwick argues, that where the amount of damages allowed by a jury is clearly inadequate under the evidence, it is error for the trial court to refuse to set the verdict aside. Although *Kearney Conv'n Center v.*

*Anderson-Divan-Cottrell Ins.*, 220 Neb. 319, 370 N.W.2d 86 (1985), appears to be the most recent case citing the foregoing rule in reversing a judgment on a verdict, the case actually turned on the fact that the trial court had erroneously instructed the jury on the measure of damages. In another recent case which cited the rule, *O'Neil v. Behrendt*, 212 Neb. 372, 322 N.W.2d 790 (1982), the reversal of the refusal to grant a new trial rested on the trial court's failure to have instructed the jury as properly requested by the plaintiff. And although in ordering new trials in *Gross v. Johnson*, 174 Neb. 273, 117 N.W.2d 534 (1962), and *Nye v. Adamson*, 130 Neb. 887, 266 N.W. 767 (1936), we noted that the verdicts were inadequate, in each instance the trial court's instructions were erroneous.

Nonetheless, there are instances in which a verdict has been characterized as inadequate notwithstanding the absence of erroneous instructions. For example, in *Bohn v. Kruger*, 185 Neb. 407, 176 N.W.2d 14 (1970), a verdict in an amount less than the stipulated special damages was said to be inadequate, and the trial court was thus held to be wrong in refusing to grant a new trial. In *Webster v. Halbridge*, 185 Neb. 409, 176 N.W.2d 8 (1970), we ruled that because the trial court had observed the demeanor of the witnesses, it could not be said that it erred in granting a new trial in the face of a verdict the trial court considered to be inadequate because of the influence of an irrelevant matter brought to the jury's attention. In like fashion, in *Schaffer v. Bolz*, 181 Neb. 509, 149 N.W.2d 334 (1967), we affirmed the granting of a new trial where the limits of the defendant's policy of insurance had been disclosed to the jury. And in reversing the refusal to grant a new trial in *Dolen v. Beatrice Restaurant Co.*, 137 Neb. 247, 289 N.W. 336 (1939), we noted that the verdict was in an amount less than the uncontradicted amount of the reasonably and necessarily incurred medical, nursing, and hospital bills.

However, where the instructions have not been found wanting, no improper influences were before the jury, and the extent of injury or the amount of damages was disputed, verdicts claimed to have been inadequate have been sustained. For example, in *Nickal v. Phinney*, 207 Neb. 281, 298 N.W.2d 360 (1980), a verdict for the amount of the medical expenses

was affirmed. In *Hunter v. Sorensen*, 201 Neb. 153, 266 N.W.2d 529 (1978), this court, in reversing the granting of a new trial, upheld a verdict for less than the amount of the property damage, medical expenses, and loss of wages. In doing so, the *Hunter* court detailed the evidence disputing the source and extent of the plaintiff's continuing physical complaints. And in *Cullinane v. Milder Oil Co.*, 174 Neb. 162, 116 N.W.2d 25 (1962), this court reversed the granting of a new trial, holding that a verdict of $2,000 for injuries to the head, shoulder, spine, and legs, resulting in alleged scars, pain, and the inability to lift heavy objects, and a $2,300 wage loss, was not inadequate as a matter of law. In so holding, the *Cullinane* court remarked that in determining the amount of damages, the credibility of witnesses was for the jury. Here, no improper influences were brought to the jury's attention, no complaint is made of the trial court's instructions, the evidence as to the nature and extent of Sanwick's injury and disability is in dispute, and the amount of damages was anything but stipulated.

Under this state of the partial record, it cannot be said that the verdict is inadequate as a matter of law, even if Sanwick was guilty of no contributory negligence whatsoever. The law is well established that an appellate court will not reverse a jury verdict on appeal as inadequate unless it is so clearly against the weight and reasonableness of the evidence and so disproportionate to the injury proved as to demonstrate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the jury disregarded the evidence or rules of law. *Beauford v. Father Flanagan's Boys' Home*, 241 Neb. 16, 486 N.W.2d 854 (1992); *Bay v. House*, 226 Neb. 521, 412 N.W.2d 466 (1987); *Bashus v. Turner*, 218 Neb. 17, 352 N.W.2d 161 (1984); *Cooper v. Hastert*, 175 Neb. 836, 124 N.W.2d 387 (1963).

## 2. INCOMPLETENESS OF RECORD

However, inasmuch as the collision occurred, and thus Sanwick's cause of action accrued, prior to February 8, 1992, this case is controlled by Neb. Rev. Stat. § 25-21,185 (Reissue 1989). See Neb. Rev. Stat. § 25-21,185 (Cum. Supp. 1992). In pertinent part, § 25-21,185 provides that in an action for

injuries caused by another's negligence,

> the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence or act or omission giving rise to strict liability in tort of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence or act or omission giving rise to strict liability in tort and contributory negligence shall be for the jury.

It was therefore the jury's responsibility in awarding damages to comparatively measure the amount of negligence on Jenson's part to the contributory negligence, if any, on Sanwick's part by considering all the evidence presented on the issue. *C. C. Natvig's Sons, Inc. v. Summers*, 198 Neb. 741, 255 N.W.2d 272 (1977); *Niemeyer v. Tichota*, 190 Neb. 775, 212 N.W.2d 557 (1973); *Gross v. Johnson*, 174 Neb. 273, 117 N.W.2d 534 (1962); *Cullinane v. Milder Oil Co., supra*.

In analyzing the jury's award of damages, an appellate court must examine the particular facts and circumstances of the case in light of the applicable damages rules. See *Cooper v. Hastert, supra*.

While the pertinent rule of practice requires the court reporter to include in the bill of exceptions only those portions of the evidence "specified in the request for preparation of" the bill, it also provides that if "the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion." Neb. Ct. R. of Prac. 5A(2) (rev. 1992).

It was therefore Sanwick's responsibility as appellant to present a record which supports the error he assigned. See, *GFH Financial Serv. Corp. v. Kirk*, 231 Neb. 557, 437 N.W.2d 453 (1989); *Behm v. Northwestern Bell Tel. Co.*, 241 Neb. 838, 491 N.W.2d 334 (1992); *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991); *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991).

In *Ward v. Ward*, 220 Neb. 799, 373 N.W.2d 389 (1985), we held that given a bill of exceptions which contained only the respondent's testimony and the trial exhibits, we could not make the required de novo review to determine the validity of the respondent's claim that the trial court had erred in dividing the property of the parties. We thus affirmed the trial court's denial of the respondent's motion for new trial.

In like fashion, the condition of the record presented here prevents us from knowing the entirety of the evidence presented to the jury on the manner in which the collision occurred and thus deprives us of the ability to determine whether there was a basis for the jury to mitigate Sanwick's damages by virtue of his own contributory negligence.

### IV. JUDGMENT

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.
SHANAHAN, J., not participating.