IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. WILLIAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TOMMIE L. WILLIAMS, APPELLANT.

Filed July 5, 2022.    No. A-21-703.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Tommie L. Williams, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Tommie L. Williams appeals the order of the district court for Lancaster County denying his motion for postconviction relief without an evidentiary hearing and denying his motion to amend his motion for postconviction relief. Based on the reasons that follow, we affirm.

## BACKGROUND

In May 2019, Williams was convicted by a jury of possession of methamphetamine. He was later found by the district court to be a habitual criminal and was sentenced to no less than 10 years' imprisonment and no more than 10 years' imprisonment. Williams' conviction and sentence were affirmed on direct appeal by this court. See *State v. Williams*, No. A-19-664, 2020 WL 4459372 (Neb. App. Aug. 4, 2020) (selected for posting to court website).

- 1 -

Further details may be found in the opinion on direct appeal, but the evidence presented at trial generally showed as follows: On July 21, 2018, Lincoln Police Officer Trevor Schmidt initiated a traffic stop on two individuals who were riding bicycles in the area of 27th and Holdrege Streets in Lincoln, Nebraska. Upon searching one of the individuals, Eric Bulkowski, Schmidt located a glass pipe with methamphetamine in it. Bulkowski was arrested and transported to jail, where he waived his *Miranda* rights and agreed to speak with Schmidt.

Bulkowski reported to Schmidt that he had purchased the methamphetamine in the glass pipe from his drug dealer, who he knew as "Tim," immediately prior to being stopped by Schmidt. Bulkowski provided Schmidt with a physical description of Tim and with the address of Tim's residence. Bulkowski indicated that he knew Tim to have additional methamphetamine at the residence and he described where such methamphetamine was kept. After Schmidt's conversation with Bulkowski, he consulted records from the Lincoln Police Department to confirm and corroborate the information provided by Bulkowski. Schmidt believed the man that Bulkowski referred to as Tim was actually Williams. When provided a picture of Williams, Bulkowski positively identified him as Tim. Schmidt then obtained a search warrant for Williams' address.

A search of Williams' residence revealed that a mirror in the living room had methamphetamine residue on it. In addition, a diabetic test strip container in the kitchen had additional methamphetamine inside of it. Prior to trial, Williams filed a motion to suppress the evidence obtained as a result of the search of his residence. Such motion was ultimately overruled by the district court.

Williams appealed his conviction and sentence to this court. He had new counsel on direct appeal, and in addition to arguing that the district court erred in overruling his motion to suppress, he set forth four claims of ineffective assistance of trial counsel. First, he claimed that trial counsel was ineffective in failing to depose Schmidt in order to learn whether Bulkowski was under the influence of a controlled substance at the time of his arrest and subsequent interview. Second, Williams claimed that trial counsel was ineffective in failing to depose Bulkowski regarding his inability to remember certain details of his contacts with Williams. Third, Williams claimed that trial counsel was ineffective in failing to challenge the veracity of the information contained in Schmidt's affidavit in support of the search warrant. Finally, Williams claimed that trial counsel was ineffective in failing to file a motion for new trial. Upon our review, we affirmed the decision of the district court to overrule the motion to suppress and we determined that each of Williams' claims of ineffective assistance of trial counsel was without merit. As such, we affirmed Williams' conviction and sentence. See *State v. Williams, supra*.

On March 3, 2021, Williams filed a pro se verified motion for postconviction relief. In his motion, he raised various claims of ineffective assistance of trial counsel, including that trial counsel failed to challenge the unduly suggestive "one photo line-up" provided to Bulkowski; failed to depose Schmidt; and failed to raise a discrepancy in the timing listed in the affidavit for search warrant and the subsequent affidavit for arrest warrant. Williams also asserted that his appellate counsel was ineffective in failing to raise on direct appeal trial counsel's ineffectiveness as to the discrepancy in the timing listed in the affidavit for search warrant and the affidavit for arrest warrant. Finally, Williams alleged that the district court erred in determining that Bulkowski was a "citizen informant."

On May 6, 2021, the State moved the district court to dismiss Williams' motion for postconviction relief without an evidentiary hearing. Williams filed an objection to the State's motion on June 1. On June 23, the district court held a hearing on the State's motion to dismiss and Williams' objection to that motion. A transcript from this hearing is not in our record.

On July 29, 2021, the district court entered an order denying Williams' motion for postconviction relief without an evidentiary hearing. However, six days prior to the court entering this order Williams filed a motion requesting leave to amend his motion for postconviction relief, or in the alternative, a motion to dismiss the motion for postconviction relief without prejudice. Williams asserted that he had additional claims he wished to assert in his motion. As part of the court's July 29 order, it denied Williams' motion to amend, finding:

> [Williams'] motion for post-conviction relief was filed in this Court on March 3, 2021. On March 10, 2021, the Court ordered the State to file a response within 60 days. The State filed its 20-page response and motion to deny relief without hearing on May 6, 2021.
>
> On June 1, 2021, [Williams] filed a 29-page objection to the State's response. By order of the Court dated June 2, 2021, the matter was set for hearing on June 23, 2021.
>
> Regarding [Williams'] Motion for Leave to Amend, the Court finds that the motion does not comply with Rule 3-2 (A)(B)(C) of the Rules of the District Court of the Third Judicial District. Additionally, as previously mentioned, the matter was heard on June 23, 2021, at which time evidence was presented, arguments were made, and the matter was taken under advisement. [Williams'] motion to amend was filed thirty days after the matter was submitted. [Williams'] Motion for Leave to Amend or in the alternative to dismiss is overruled.

After the entry of the district court's July 29, 2021, order denying Williams' motion for postconviction relief without an evidentiary hearing and denying his motion to amend, Williams filed a motion to alter or amend, in which he asked the district court to reconsider its ruling denying his motion to amend the motion for postconviction relief. The district court overruled the motion to alter or amend and Williams now appeals to this court.

## ASSIGNMENTS OF ERROR

On appeal, Williams assigns and argues that the district court erred in denying his request to amend his motion for postconviction relief, or in the alternative, to dismiss the motion without prejudice. He also assigns and argues a new claim for postconviction relief that was not asserted in his motion for postconviction relief in the district court.

To the extent that Williams assigns as error the district court's decision to deny his motion for postconviction relief without an evidentiary hearing, we do not address this assertion because his argument in this regard is simply a restatement of his assigned error. An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

An appellate court reviews a refusal to grant leave to amend for abuse of discretion. *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

ANALYSIS

In his brief on appeal, Williams first assigns and argues that the district court abused its discretion in denying his motion for leave to file an amended motion for postconviction relief, or in the alternative, abused its discretion in denying his motion to dismiss the motion for postconviction relief without prejudice. He argues that he wished to include additional claims for relief in his amended motion and that such additional claims would have warranted an evidentiary hearing. However, Williams provides no support, either from case law or from statutory law, for his assertion that the district court erred in denying his motion to amend or in denying his request to dismiss and refile the motion for postconviction relief. Upon our review, we do not find that the district court abused its discretion in denying Williams' motions given the timing of the filings.

As detailed above, Williams' motion to amend and alternative motion to dismiss was filed after a hearing had been held on the State's motion to deny the motion for postconviction relief without any further evidentiary hearing. In fact, the motions were filed approximately 30 days after this hearing was held, and thus, after the matter had been submitted to the court for decision. The district court entered its lengthy order denying the motion for postconviction relief only 6 days after Williams filed his motion to amend and alternative motion to dismiss. In its order, the district court denied the motions finding them to have been untimely filed. We find no abuse of discretion in the district court's decision that the motions were not timely.

In *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), the Nebraska Supreme Court distinguished postconviction cases from other civil proceedings, holding that a postconviction action is not an ordinary civil action and that, as such, the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings. The court explained that postconviction relief is a very narrow category of relief, and is intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. The Supreme Court then held, "Because extending civil pleading rules to postconviction proceedings is unwise and unnecessary, we now clarify that civil pleading rules do not apply to postconviction proceedings." *Id.* at 43-44, 881 N.W.2d at 876. In *State v. Robertson, supra*, the Supreme Court explicitly held that when a district court refuses to grant leave to amend an original postconviction motion, an appellate court reviews that decision for an abuse of discretion, and not pursuant to the civil pleading rules regarding amendment.

This court has previously held that a district court did not abuse its discretion in denying a motion to amend when such motion was filed after the court had already entered an order denying an evidentiary hearing. See *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010). Here,

Williams filed his motion to amend and motion to dismiss before the district court had entered an order denying the evidentiary hearing, but well after the district court had taken the matter under advisement.

On June 23, 2021, Williams was provided a hearing on the State's motion to dismiss and his objection to the State's motion. There is nothing in our record to indicate that Williams asked to amend or dismiss his motion for postconviction relief prior to or during this hearing. Notably, the transcript from the June 23 hearing is not included in our record, nor does it appear that Williams requested a transcript from this June hearing to be included in the record to this court. It is well settled that it is an appellant's responsibility to present a record which supports the error assigned. *Sanwick v. Jenson*, 244 Neb. 607, 508 N.W.2d 267 (1993).

Moreover, Williams appears to concede in the body of his brief to this court that he never requested to amend or dismiss his motion for postconviction relief at the June 2021 hearing. Williams specifically indicates that he filed his motion to amend and his alternative motion to dismiss during the "interim" after the June 2021 hearing, but before the district court had entered its order denying him an evidentiary hearing: "This submission was filed on July 23, 2021; before and prior to the court's order and judgment on July 29, 2021." Brief for appellant at 8. We do note that in the portion of Williams' brief entitled "Nature of the Case," he does provide contradictory information regarding when he filed his motion to amend and motion to dismiss. He states: "The matter was scheduled for a hearing by the court for June 2, 2021. [Williams], before and prior to the scheduled hearing, submitted and caused to be filed, a Motion to Dismiss his verified postconviction motion without prejudice, thereby requesting Leave to Amend same." Brief for appellant at 2. Williams does not provide a specific date for any such filing nor does he cite to any portion of our record to support the assertion that he filed his motion to dismiss and motion to amend prior to the scheduled hearing. In addition, there is nothing in our record to indicate that any hearing in the matter occurred on June 2, 2021.

Ultimately, our careful review of the record on appeal reveals that Williams did not ask to amend or dismiss the motion for postconviction relief at any point prior to the June 23, 2021 hearing, even though, by the time of this hearing, his original motion for postconviction relief had been pending for almost four months. Instead, Williams waited until 30 days after the matter had been submitted for consideration. Given this timing, we do not find that the district court abused its discretion in denying Williams' motion to amend or alternative motion to dismiss without prejudice. Williams had ample opportunity to file a motion to amend or motion to dismiss had he wished to add additional claims to his motion for postconviction relief. He provides no indication that such new claims were not available to him prior to the hearing on the State's motion to dismiss. This claimed error fails.

In his brief on appeal, Williams also assigns and argues that he should be granted postconviction relief based upon "a new and scathing constitutional issue [which] now permeates the record and file of this criminal matter." Brief for appellant at 18. Essentially, Williams asserts that an evidence technician, who appeared on the State's pretrial witness list, has been charged with stealing and tampering with evidence in other criminal cases. Williams does not allege that the evidence technician had access to or in any way tampered with evidence from his case. Moreover, Williams concedes that this issue was not raised before the district court in his motion for postconviction relief. Appellate courts do not generally consider arguments and theories raised

for the first time on appeal. See *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021). As such, in an appeal from the denial of postconviction relief, we will not consider for the first time on appeal claims that were not raised in the verified motion. *Id*.

CONCLUSION

Because Williams has not sufficiently argued his assigned error regarding the district court's decision to deny his postconviction motion without a hearing, we do not consider it. We find no abuse of discretion in the district court's decision to deny Williams' motion to amend his motion for postconviction relief or his alternative motion to dismiss without prejudice. We do not consider Williams' assertions regarding the possibility that evidence in his case was tampered with, because the issue was raised for the first time on appeal.

AFFIRMED.