PETER L. WEBER, APPELLEE, v. WILBER W. TOWLE, APPELLANT.

FILED NOVEMBER 12, 1914.   No. 17,885.

1.  Chattel Mortgages: BILL OF SALE: EVIDENCE.  A bill of sale, although purporting on its face to convey the property absolutely, may be shown to have been given as security only.

2. ——: ——: ——. When the maker of the bill of sale is indebted at the time, and such indebtedness forms the consideration for the contract, it is important to know whether the indebtedness was canceled and the evidence thereof surrendered when the bill of sale was made.

3. ——: ——: QUESTION FOR JURY. If, however, the value of the property is much greater than the amount of indebtedness so surrendered, and the proof is clear and satisfactory that the bill of sale was induced by promises to allow the maker thereof to redeem by paying the amount of the indebtedness and interest thereon, it is for the jury to find, in the light of the circumstances of the transaction, whether the transaction was an absolute · sale or security only.

4. **Appeal:** CONFLICTING EVIDENCE. When the evidence as to the value of the property, and upon the general issue tendered, is substantially conflicting, the verdict of the jury will not be disturbed as unsupported, unless, upon the whole record, it is clearly wrong.

5. ——: INSTRUCTIONS: ISSUES. The trial court should, as far as practicable, simplify the issues in instructions to the jury, but if the parties concur in the method of trial, and the jury is instructed in harmony therewith, and the instructions contain no erroneous statement of law prejudicial ·to the party complaining, the judgment will not be reversed upon appeal because matters are submitted to the jury which were actually tried by the parties, but which should have been eliminated from the case if either party had desired.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*George A. Adams,* for appellant.

*A. F. Moore, Tibbets, Anderson & Baylor* and *Holmes & DeLacy, contra.*

SEDGWICK, J.

In November, 1911, this plaintiff appears to have been conducting a cabinet business on O street, in the city of Lincoln. He had some machinery, tools, a little lumber, some mantels, and other stock. This property was mortgaged in the sum of $490. The mortgage was past due, and the plaintiff had waived publication of notice of foreclosure, and the mortgagees were insisting upon a sale of

the property.   The defendant Deahl was interested as mortgagee, and the defendant Towle was acting as his attorney or adviser.   They went to the plaintiff's place of business in the forenoon and insisted upon a sale of the property to pay the indebtedness.   At the plaintiff's request the matter was continued until afternoon, when the defendants were again at the place of business, and the plaintiff executed to the defendant Towle a bill of sale of the property.   Towle took possession of the property, and the keys to the room in which it was situated were turned over to him.   Towle paid the mortgages on the property and turned them over with notes they secured to the plaintiff.   He also gave the plaintiff receipts for certain claims which he held for collection against the plaintiff, and afterwards paid the rent for the room.   A few days later the plaintiff offered to redeem the property by paying the amount which the defendant Towle had paid for the same, with interest at the rate of 10 per cent. from the time of the payment.   This the defendant Towle refused, insisting that the transaction was an absolute sale to him.   The plaintiff brought this action in the district court for Lancaster county to recover the value of the property, alleging that the defendant Towle had converted it to his own use, and that the defendant Deahl had assisted him in the conversion.   Deahl was afterwards discharged from the case, and the jury found a verdict in favor of the plaintiff in the sum of $732.   The court required the plaintiff to remit $232 from this verdict, which was done, and judgment entered against the defendant Towle in the sum of $500, from which he has appealed.

The principal question presented and argued in the brief is whether the transaction was an absolute sale or was merely a transfer of the title as security.   Although the question was a simple one, the parties succeeded in putting in evidence covering something over 400 pages of typewritten matter, much of it immaterial, consisting of evidence of prior transactions, and of extensive cross-examination, more or less irrelevant.   It has been frequently held in this and other states that a bill of sale of personal prop-

erty, although in form without any condition, may be shown by parol evidence to have been given as security only. When the maker of a bill of sale is indebted at the time, and such indebtedness forms the consideration for the contract, it is generally considered that it is very important to inquire whether the indebtedness was extinguished by the contract or was continued and existed concurrently with the bill of sale. In this case the defendant testified that, when he took the bill of sale, he surrendered the notes and mortgage to the plaintiff, and also gave him receipts in full for claims which he held against him for collection. From the plaintiff's evidence it appears that he had possession of the notes and mortgages at the time of the trial, and there is no suggestion in the briefs that the defendant's evidence upon this point is anywhere contradicted in this voluminous record. The plaintiff alleges that the defendant was to return him the property upon payment of $500, and did not allege, or even admit in his pleadings, that he agreed at the time to repay the defendant the full amount which was paid for the property and interest thereon.

From these and other circumstances that appear in the record, if the question had been submitted to us to determine the fact, we should probably have found that the transaction was an absolute sale, but it is the duty of the jury to determine the questions of fact, and, where there is a substantial conflict in the evidence, the finding of the jury upon such questions cannot be disturbed, unless, upon the whole record, it appears that it is clearly wrong.

The plaintiff testifies, and there were circumstances indicating that he was correct in testifying, that he was laboring under some compulsion when the bill of sale was made, and that, before agreeing to execute the bill of sale, he obtained from the defendant Towle a promise that, if he would execute the bill of sale, he would hold the property for 10 or 12 days, and would reconvey it to the plaintiff upon payment to him of the amount which he had advanced for the plaintiff. There was other evidence tending to corroborate the plaintiff in this, and, while it was contra-

Weber v. Towle.

dicted by the defendant and by some other evidence, we cannot say that the jury were so clearly wrong as to require that the verdict be set aside. If the value of the property was much greater at the time than the amount which the defendant paid out for the plaintiff, that fact would tend to corroborate the plaintiff's testimony upon this point. The evidence in regard to the value of the property was very conflicting, and it would be impossible to determine with any degree of accuracy its true value at the time the bill of sale was made. There was some evidence tending to show that the property was worth as much as $2,000, and it would not have been entirely beyond reason to have found its value to be $1,000, and perhaps more.

The defendant criticises some of the instructions given by the court. If the defendant had confined the investigation to the real issue of the character of the bill of sale, and had consistently insisted that the plaintiff's evidence be also so confined, the defendant would be in a better position to complain of these instructions. We have not found that the instructions misstate any abstract proposition of law, and the court, in submitting the question to the jury, followed substantially the theory of the parties as to the manner of trial. The defendant requested no instruction submitting the issue as he seems to insist now that it ought to have been submitted. When we consider the method of both parties at the trial, we cannot say that the court has unfairly submitted the issue. We have not found any error in the record, of which the defendant is in position now to complain, which requires a reversal.

The judgment of the district court is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.