WILLIAM HAUENSTINE, APPELLANT, v. FLORA I. BARNETT, APPELLEE.

FILED MAY 1, 1915. No. 18110.

1. Appeal: HARMLESS ERROR. One cannot complain of the giving or refusing of instructions upon an issue of settlement, where the finding of the jury that no settlement took place is in his favor.

2. ———: ISSUES. Where a general denial has been filed in a justice court to an action for wages, an answer in the district court on appeal alleging facts tending to contradict the allegations of the petition that there is a balance due does not change the issues tried below.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. Affirmed.

S. D. Killen, for appellant.

Sackett & Brewster, contra.

LETTON, J.

Action to recover a balance alleged to be due for wages. Plaintiff recovered a judgment for the sum of $1, and has appealed.   The action was originally brought in justice court.   In the bill of particulars plaintiff sued for $138.40 "as money due and unpaid on account of work and labor done and performed for defendant at defendant's request," attaching an itemized statement amounting to $678.45, and not itemizing any credits.

The answer in that court pleaded, first, a settlement; and next a general denial.   When appealed to the district court a petition was filed which pleaded a specific agreement in detail.   For answer the defendant denied that she entered into an agreement as set forth, but alleged that the plaintiff was employed by her from January 1, 1909, to February 15, 1909, at $50 a month; from February 15, 1909, to June 1, 1909, at $65 a month; from June 1, 1909, to November 11, 1909, at $50 a month; and that she had paid plaintiff $569.16 in full of all services, and pleaded a satisfaction and discharge.

The brief of appellant is not prepared in accordance with rule 12 (94 Neb. XI) of this court.   The court is therefore under no duty to consider it; but it sufficiently appears that error is assigned upon the overruling of a motion to strike part of the allegations of the answer, because it sets up new issues from those tried below, and that complaint is made as to instructions of the court with reference to the plea of accord and satisfaction.

The evidence was in direct conflict; plaintiff testifying that he was to receive $65 a month until September 1, and $75 a month thereafter.   Defendant testified he was to receive $65 indefinitely, and that on June 1 his wages were reduced to $50, at which wage he continued to work, and that he has been paid all that was due.   The jury found for plaintiff, and assessed his recovery at the sum of $1.   The instructions complained of relate to the matter of settlement.   Since the jury found there was no settlement, no prejudice to the plaintiff could result from the giving of these instructions.

The only question presented of any moment is whether the court erred in refusing to strike part of the allegations in the answer as raising a new issue from that tried in justice court. The petition filed by plaintiff in the district court pleaded a contract in more specific terms than that filed in the justice court. The answer met the more specific allegations by entering into equal detail. No answer is required in justice court, and an answer in district court alleging facts tending to contradict the allegations of the petition that there is a balance due, though in greater detail than that filed below, does not change the issues.

The main issue was a question of veracity between the plaintiff and the defendant. This has been settled by the jury, and we are not entitled to interfere.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.