HAZEL PRELL, APPELLANT, V. MICHAEL MURPHY, APPELLEE.

133 N. W. 2d 5

Filed February 5, 1965. No. 35831.

John McArthur, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Healey, Healey & Goth, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action for damages arising out of an automobile accident. The jury returned a verdict in the amount of $200 for the plaintiff, Hazel Prell. Her motion for new trial was overruled and she has appealed.

The accident happened at about 8:30 p. m. on April 10, 1960, on U. S. Highway No. 34, approximately 3 miles east of Lincoln, Nebraska. The weather was clear and the road was dry. Both automobiles were traveling at about 40 miles per hour.

The defendant, Michael Murphy, was driving west toward Lincoln, Nebraska. The plaintiff was a passenger in an automobile which was being operated in an easterly direction by her husband. Near the crest of a hill the plaintiff's husband observed the defendant's automobile which was then about 150 feet away and in the westbound lane of the highway. When the two

automobiles were 50 or 75 feet apart, the defendant's automobile crossed the centerline of the highway and then collided with the automobile in which the plaintiff was riding. The point of impact was approximately 6 feet south of the centerline. After the accident, the defendant stated that he was sleepy and must have "dozed off." The defendant did not testify and offered no evidence on the issue of liability.

The plaintiff did not move for a directed verdict on the issue of liability and that issue was submitted to the jury. The plaintiff contends that this was error because the evidence as to liability was undisputed and established that the defendant was negligent and that his negligence was the proximate cause of the accident which resulted in the plaintiff's injuries.

Ordinarily, a party cannot complain of the submission of an issue to the jury where the finding on that issue is favorable to him. In Klein v. Wilson, 167 Neb. 779, 94 N. W. 2d 672, this court said: "The plaintiff has set forth four assignments of error which he contends are grounds for reversal. The first which will be considered here is an assertion that the court erred in failing to sustain plaintiff's motion for directed verdict at the close of defendant's evidence and at the close of all the evidence in the case. The bill of exceptions indicates that such a motion was made only at the close of defendant's evidence. However this is of no importance. Even if the motion at the time made was validly based and erroneously overruled, that ruling may not be treated now as a ground for reversal of the judgment. The reason is that the plaintiff obtained from the jury by its verdict without direction precisely what he sought by his motion." See, also, Anderson v. Chicago, B. & Q. R.R. Co., 35 Neb. 95, 52 N. W. 840; Hauenstine v. Barnett, 98 Neb. 312, 152 N. W. 655; Weber v. Towle, 97 Neb. 233, 149 N. W. 406; Bartl v. City of New Ulm, 245 Minn. 148, 72 N. W. 2d 303; Schneider v. Keokuk Gas Service

Co., 250 Iowa 37, 92 N. W. 2d 439; 5A C. J. S., Appeal and Error, § 1758, p. 1121.

In this case there was no issue of contributory negligence or comparative negligence and the plaintiff was not prejudiced by the submission of the issue of liability to the jury.

The remaining assignment of error relates to the adequacy of the verdict. The plaintiff contends that the verdict of $200 is grossly inadequate, and that it should have been set aside and a new trial granted.

In this case the plaintiff did not claim any damages for hospital, medical, or similar expenses. The damages claimed were for injuries to her person and for pain and suffering. The amount to be awarded for such damages rests largely in the sound discretion of the jury, and courts are reluctant to interfere with verdicts so rendered.

The evidence shows that the plaintiff was taken to the hospital from the scene of the accident, and that she remained in the hospital 2 days. The plaintiff had a laceration on the back of her head which was approximately 2 inches in length and required stitches. The scar resulting from this laceration is concealed by her hair, but occasionally produces mild discomfort. The plaintiff had other lacerations upon her legs, some of which required stitches. She had numerous bruises and contusions as a result of the accident but no fracture or other bony abnormality. A hematoma or mass of localized blood that formed on one knee was drained by the plaintiff's physician at his office approximately 1 week after the accident. The plaintiff developed a swelling in both ankles which was treated by physiotherapy and bed rest. The plaintiff also complained of pain in her lower back about a week after the accident for which she received therapy.

On cross-examination of the plaintiff's physician, the defendant produced a report signed by the witness which listed the last date of treatment as May 6, 1960.

The report further stated that it was not anticipated that the plaintiff would require further treatment for her injuries. The defendant also produced the testimony of a physician who had examined the plaintiff in 1962 at the request of the defendant. This witness testified that he found a slight swelling on the lateral side or outside of both ankle joints; that there was normal motion in both feet and ankle joints and the circulation was normal; that swelling on the lateral side of the ankle joints is a common condition in women and is generally due to a physiological condition of the individual; and that he found no evidence of any permanent partial disability resulting from the accident.

The jury could find in this case that the plaintiff's injuries were of a temporary nature except for the scars which resulted from the lacerations. The members of the jury observed the plaintiff and thus were able to form their own opinion as to the extent to which the scars were disabling or disfiguring.

A verdict will not be set aside as inadequate unless it is clearly against the weight and reasonableness of the evidence and is so disproportionate to the injury proved as to indicate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record or that the jury disregarded the evidence or rules of law. Cover v. Platte Valley Public Power & Irr. Dist., 173 Neb. 751, 115 N. W. 2d 133.

Although the verdict in this case was for a nominal amount, and the evidence would have sustained a verdict for a larger amount, the evidence does not require that the verdict be set aside as inadequate.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.