CAROLINE PARKHURST, APPELLANT, v. EDNA MAY BARTH, APPELLEE.

201 N. W. 2d 708

Filed October 20, 1972. No. 38469.

J. Thomas Rowen of Miller & Rowen and John C. Coupland, for appellant.

Quigley, Dill & Quigley, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Plaintiff sought to recover for personal injuries and property damage sustained in an automobile accident at a city intersection. Plaintiff recovered judgment for $1,000 but appeals on the ground the verdict was inadequate and, in connection therewith, asserts a verdict should have been directed on the question of liability. We affirm the judgment of the district court.

Plaintiff was traveling south on a through street. Defendant, driving in a westerly direction, was a stranger in the city and failed to see a stop sign, drove through without stopping, and the accident occurred. The court rejected a motion for a directed verdict. The case was submitted to the jury, without reference to claimed contributory negligence, and the jury found for the plaintiff.

It was stipulated that the statements for car repairs and two medical expense items totaling $505.04 were fair and reasonable. A chiropractor's bill for $802 and a physician's bill for $115 were not stipulated to. The medical evidence was conflicting and it is apparent the jury did not accept plaintiff's claim regarding the extent of her injuries, the necessity for extended treatment, and the reasonableness of the medical expense.

The jury resolved the question of defendant's liability in favor of plaintiff. Plaintiff received from the jury the very finding she had requested it be instructed to make. She was not prejudiced by the failure of the court to direct a verdict on the question of liability. "Ordinarily, a party cannot complain of the submission of an issue to the jury where the finding on that issue is favorable to him." Prell v. Murphy, 178 Neb. 278, 133 N. W. 2d 5.

The verdict was for a sum less than the amount of special damages claimed by plaintiff to be a proximate

result of the accident. As noted above, the jury, which saw and heard the witnesses, failed to accept plaintiff's evidence in this regard. "A verdict and judgment will not be set aside as inadequate unless they are clearly wrong and so against the weight and reasonableness of the evidence as to indicate that they were the result of passion, prejudice, or mistake." Cooper v. Hastert, 175 Neb. 836, 124 N. W. 2d 387.

The judgment of the district court is affirmed.

AFFIRMED.