CONSTANCE S. BREWER, APPELLANT, V. LYLE CASE, ET AL., APPELLEES.
LONNY L. BREWER, APPELLANT, V. LYLE CASE ET AL., APPELLEES.

222 N. W. 2d 823

Filed October 31, 1974. Nos. 39428, 39429.

Richard J. Bruckner of Schrempp, Bruckner & Dinsmore, Harry E. Stevens, and Leo J. Eskey, for appellants.

Brogan & Stafford and Frederick S. Jack, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In this consolidated action for personal injuries, medical expenses, and loss of consortium, the plaintiffs recovered a jury verdict and judgment in the amount of $100 on the wife's claim for personal injuries and $500 on the husband's claim for medical expenses and loss of consortium. The plaintiffs appeal from the verdicts and judgments of the District Court. We affirm the judgments of the District Court.

The plaintiffs contend that the District Court erred in failing to direct a verdict on the issue of negligence; that there was error in the giving of the instruction concerning a preexisting condition; and lastly that the inadequacy of the verdict requires reversal.

On August 28, 1971, Mrs. Brewer was driving north on Main Street in Decatur, Nebraska, on a clear, dry day. She had stopped at a stop sign at the intersection of Main and Huff Streets and observed the defendant, Jean Case, through her rearview mirror, approaching from the rear approximately one-half block away. While approaching the Brewer car at a speed of 10 to 15 miles per hour, Mrs. Case' 1-year-old daughter started to "tilt". Seeing this, she turned to the child and removed her foot from the accelerator. Instead of then pressing the brake, she hit the accelerator again. Mrs. Case struck the rear of the Brewer car as it was leaving the intersection. Neither car sustained great damage. Immediately after the accident, neither party saw a doctor. There was evidence to suggest that Mrs. Brewer may have hit the steering wheel of her car in the chest area. Mrs. Brewer, 5 months pregnant at the time of the accident, saw a doctor 1 week later. She had a spontaneous abortion on September 14, 1971. Due to heavy flowing following the abortion she had a D & C in December. The flowing continued and in February 1972, she had a

hysterectomy. Mrs. Brewer has alleged breathing and weight problems, chest pains, and a decreased capacity to work in addition to other medical problems.

We examine the question of the failure of the District Court to withdraw the issue of negligence from the jury and give an instruction on liability. The evidence shows that the defendant Case admitted stepping on the accelerator and did not allege or attempt to prove any negligence on the part of Mrs. Brewer nor any excuse or sudden emergency that would justify the failure to stop. The defendant testified in substance that she failed to take the proper precautions in preparing to stop. The record indicates that the sole focus of the trial was on the issues of the nature and extent of Mrs. Brewer's injuries and whether they were proximately caused by the negligence of the defendant. We agree it is true in this jurisdiction it is the general rule that it is negligence as a matter of law for a motorist to drive an automobile on a highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision. Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870. It is not alleged or contended, nor is there any evidence of, a lack of visibility or other circumstances reasonably excusing the defendant's actions or bringing her conduct within the range of the recognized exceptions to this rule. We agree that the District Court erred in submitting the question of the defendant's negligence to the jury. We are also of the opinion that this error was nonprejudicial to the plaintiff. Generally a party cannot claim error when an issue submitted to the jury is found in his favor. Prell v. Murphy, 178 Neb. 278, 133 N. W. 2d 5. This is especially true when no issue of contributory negligence or comparative negligence exists. Prell v. Murphy, *supra*. No comparative negligence instruction was requested or given in this particular case. No contention can be made that the plaintiffs' verdicts were probably reduced by the confusion of the issue of contributory negligence. More-

over, the record in this case reveals an entire lack of suggestion that the jury was misled in any respect in connection with the issue of liability. We come to the conclusion that this error by the District Court in the failure to give a peremptory instruction on the issue of negligence was nonprejudicial.

The plaintiffs also contend that the court erred in submitting the issue of the proximate cause of Mrs. Brewer's alleged damages and injuries to the jury and that the court was in error when it instructed the jury and submitted the issue of a preexisting condition. It is contended that no such condition was established in the defendant's evidence or in her pleadings. The two contentions are interwoven and we will discuss them together. It is fundamental that when evidence conflicts on the question of the proximate cause of alleged injuries or damages the issue is ordinarily for the jury under proper instructions. We review the evidence to determine whether such an issue existed in light of the basic rule that where reasonable minds may reach a different conclusion from the evidence adduced as to whether the negligence of the defendant proximately caused the abortion and subsequent hysterectomy. Cross-examination of Mrs. Brewer's doctor revealed that she had similar problems prior to the accident, the same problems plaintiffs now allege were caused by the accident.

In December 1964, Mrs. Brewer was troubled by cramps and a late period. She experienced water discharge and was passing clots. In February 1965, she saw her doctor about abdominal pains and was given birth control pills for cramping, pain, and flowing. In October 1968, she had a vaginal infection. In June 1970, an IUD was inserted. Her doctor admitted that some doctor's feel IUD's are a source of infection. The death of her baby was caused by a premature birth and infection of the uterus. In November 1970, she complained

of heavy flowing, cramps, and the IUD was lost. In May 1971, she was given an antibiotic for infection. Evidence of a prior weight problem existed in 1967 and 1970.

It is also clear from the evidence that she did not complain of a uterus injury upon visits to the doctor most closely following the accident. The doctor testified that the only impact to her body was in the chest area and she was treated for a fractured rib on September 4, 1971. The doctor also testified that the baby's heartbeat was strong and normal in September 1971, and there was no evidence of injury to the fetus. It appears that her problems after the accident were similar to those she had in 1964 and 1965. Evidence of her total disability after the accident is not compatible with her work record in October and November of 1971. Use of birth control pills and the IUD could have been the source of some of her problems.

It is evident from the above recital of the evidence that the factual question was raised as to whether the accident was the proximate cause of the abortion and the subsequent medical treatment. What we have said also disposes of the contention that the District Court erred in instructing the jury on the issue of a preexisting condition. The contention that the issue was not raised is without merit. The defendant specifically denied that the accident caused Mrs. Brewer's injuries, thus raising the issue that such conditions were proximately caused by the accident. The assertion that the instruction is not sufficiently supported by the evidence is without merit. Of course, it is error to submit such an instruction to the jury when there is no support in the evidence for it. Swanson v. Murray, 172 Neb. 839, 112 N. W. 2d 11. However, the evidence, particularly that obtained on cross-examination of Mrs. Brewer's doctor, and recited in detail earlier in this opinion, is amply sufficient to create the fact issue that her physical and medical condition was created and caused by a preexisting condition

and not as the proximate cause flowing from the accident. There is no merit to this contention.

The plaintiffs finally urge that the amount of the jury award was grossly inadequate. This court has held that a verdict and judgment will not be set aside as inadequate unless so clearly wrong and unreasonable as to indicate passion, prejudice, or mistake on the part of the jury. Parkhurst v. Barth, 189 Neb. 154, 201 N. W. 2d 708. The plaintiffs' real contention here is that the jury verdicts of $100 and $500 are obviously inadequate *on the assumption* that Mrs. Brewer's injuries, condition, and claimed disabilities arising from the abortion and the subsequent medical treatment were proximately caused by the accident. As we have pointed out, the jury resolved this issue under the evidence and proper instructions against the plaintiffs. That being true, it is quite apparent there is nothing in the jury verdict that would indicate passion, prejudice, or mistake, or that its verdicts were clearly wrong. It is apparent that the jury did not accept the plaintiffs' claim and evidence regarding the extent of Mrs. Brewer's injuries and awarded an amount less than claimed. In our judicial system, it is entirely within the province of the jury to weigh the evidence and resolve the resulting conflicts. The credibility of the witnesses and the weight to be given to their testimony are for the triers of fact. First Nat. Bank of Omaha v. First Cadco Corp., 189 Neb. 734, 205 N. W. 2d 115.

The judgments of the District Court are correct and are affirmed.

AFFIRMED.