DOLLY VADA SNAY, A MINOR, BY AND THROUGH OTTO SNAY, HER FATHER AND NEXT FRIEND, APPELLEE, v. JOHN E. SNARR, APPELLANT.

238 N. W. 2d 234

Filed February 5, 1976. No. 40128.

Charles I. Scudder, for appellant.

Robert V. Broom and David A. Jacobson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a civil proceeding brought by the plaintiff, a 17-year-old minor, by and through her father, against the 19-year-old defendant, to establish the paternity of her child. The District Court entered its judgment determining the defendant to be the father of the minor child.

The plaintiff was born July 5, 1957. She was single and had never been married. The plaintiff testified, and the defendant admitted, that they had sexual intercourse on March 29, 1974, and on April 5, 1974. There was corroboration by two witnesses as to the first incident. Shortly thereafter plaintiff suspected she was pregnant and on May 3, 1974, a test at University Hospital confirmed the pregnancy. Plaintiff immediately notified the defendant. The child was born on December 27, 1974.

The plaintiff's obstetrician testified that the child, a 7 pound 2 ounce baby girl, was a full-term baby. The doctor testified that he did not know whether the baby was, in fact, overdue but that if it was, it was less than 3 weeks overdue because of the absence of clinical signs. He also testified that in his professional opinion, considering the date of delivery, the outer limits of the period of conception were from March 10 through April 10, 1974, and the most likely time for conception would have been from March 17 to March 19. He testified that conception on March 29, 1974, was possible but unlikely. If conception occurred on March 29, 1974, the period of gestation was 274 days. The plaintiff testified that during the critical period from March 10 until she missed her menstrual period in April 1974, she did not have sexual intercourse with any man except the defendant.

There was evidence the plaintiff was found to have gonorrhea on June 4, 1974. The defendant testified that in the early part of June 1974 he had undergone tests for venereal disease and that all were negative, and that he had never had venereal disease. The defendant also introduced evidence, largely circumstantial, to indicate that plaintiff might have had sexual intercourse with other individuals within the critical time frame. That evidence was directly contradicted by the evidence of plaintiff and her father.

After the birth of the baby, blood tests were taken

of the plaintiff, defendant, and the baby which did not exclude the defendant as the father of the child.

The case was tried to the court without a jury and upon consideration of the evidence, the court entered its determination that the defendant was the father of the child.

The defendant's assignments of error are all directed to the basic issue of whether the evidence is sufficient to support the judgment of the trial court.

A paternity proceeding in Nebraska is considered as a civil action and only a preponderance of evidence is necessary to sustain a verdict. See, §§ 13-111 and 13-112, R. R. S. 1943; Lockman v. Fulton, 162 Neb. 439, 76 N. W. 2d 452.

In a law action tried to the court without a jury, it is not within the province of this court to weigh or resolve conflicts in the evidence. The credibility of the witnesses and the weight to be given to their testimony are for the trier of fact. Brewer v. Case, 192 Neb. 538, 222 N. W. 2d 823.

In a paternity case, where a jury is not requested by the alleged father, the findings of the court have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong. Stauffer v. Wilson, 182 Neb. 129, 153 N. W. 2d 454; Brewer v. Case, *supra*; § 13-112, R. R. S. 1943.

The evidence is sufficient to support the finding and judgment of the trial court.

AFFIRMED.