GEORGE W. ABBOTT, APPELLANT, v. NORTHWESTERN BELL TELEPHONE COMPANY, A CORPORATION, APPELLEE.
246 N. W. 2d 647

Filed November 10, 1976. No. 40498.

Warren C. Schrempp, Richard E. Shugrue, and Thomas G. McQuade of Schrempp, Dinsmore & McQuade, for appellant.

Joseph K. Meusey of Fraser, Stryker, Veach, Vaughn & Meusey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action for personal injury sustained by plaintiff when, on August 24, 1970, the car which he was driving was struck in the rear by a motor vehicle belonging to the defendant and driven by one of its employees. The plaintiff had been forced to stop his vehicle quickly because a vehicle ahead of him had stopped. Defendant's vehicle was following and was unable to stop in time to avoid striking plaintiff's car. Defendant's speed at impact was estimated to be about 10 miles per hour. The trial court instructed the jury that the defendant was, as a matter of law, guilty of negligence which was the proximate cause of the collision, and submitted to the jury the issues of whether the injuries claimed by the plaintiff were proximately caused by the collision and the amount of damages.

The jury returned a verdict for the plaintiff in the

amount of $200 for which judgment was entered.

The plaintiff on this appeal assigns as error the following: (1) The verdict is inadequate; (2) instruction No. 5 was erroneous because it was inconsistent with the instruction directing the issue of negligence and permitted the jury to find for the defendant on the issue which the court had directed; and (3) the court erred in giving instruction No. 11 which directed the jury to reduce to present worth any award for future pain and suffering. We affirm.

At trial the extent of injuries sustained by the plaintiff in the accident was controverted. We summarize as follows. At the scene plaintiff complained of only an abrasion on a finger which was bandaged at the scene. He further testified that the evening of the accident he noticed pain in his neck. He saw Dr. Smith the next day, and again a week later. Plaintiff stated the pain in his neck was intermittent. In the winter of 1970-71 he remodeled his basement. While putting some ceiling tile in place and looking up he noted the severity of the pain. He then saw a neurologist apparently on referral from his regular doctor. He saw the specialist six times at intervals of about a month in 1971 and two times at longer intervals in 1972. To this specialist he related the history of the auto accident, made complaints of intermittent neck pain, aggravated pain at the time of the ceiling tile incident, and headaches that began in March, about 6 months after the collision. The specialist indicated that the headaches were of undetermined origin. The plaintiff also complained of forgetfulness which the doctor could not causally relate to the accident. His diagnosis was neck strain and was based solely upon the complaints of plaintiff from time of accident to time of trial. The doctor described the injuries as permanent. Medical expense for the doctor's services was $56.

In August 1975 the specialist hospitalized the plaintiff for diagnosis because of the continuing complaint of

forgetfulness. The examination disclosed nothing. The doctor would not attribute the symptom to injuries at the time of the collision. The bill for this hospitalization was $519.75 which was included in the plaintiff's claim for damages.

In 1971 through 1975 the plaintiff received regular annual physicals prescribed by the company by which he was employed. During each of these physical examinations he answered in the negative questions of his medical history which should have elicited complaints of neck pain, headaches, and the taking of medication.

An examination of the plaintiff on behalf of the defendant shortly before trial by an orthopedic surgeon disclosed no objective signs such as muscle spasm. This specialist rendered a diagnosis of no permanent disability. Based on the plaintiff's complaints, he rendered the opinion that plaintiff incurred a neck strain in the collision. The plaintiff testified that he had been regularly taking eight pain-killing pills daily and that his sleep was disturbed by the pain. He attributed the headaches and forgetfulness to injuries suffered in the accident.

The foregoing summary indicates that there was a conflict as to the extent to which the plaintiff's complaints were caused by injuries suffered at the time of the collision. The jury was not required to accept the plaintiff's testimony. Where evidence conflicts on a question of proximate cause of alleged injuries, the question is ordinarily for the jury under proper instructions. Brewer v. Case, 192 Neb. 538, 222 N. W. 2d 823. A verdict will not be set aside as inadequate unless so clearly wrong and unreasonable as to indicate passion, prejudice, or mistake on the part of the jury. Parkhurst v. Barth, 189 Neb. 154, 201 N. W. 2d 708.

Instruction No. 5, of which the plaintiff complains, was as follows: "Before Plaintiff can recover against defendants on his Petition in this action, the burden is

upon Plaintiff to prove by a preponderance of the evidence:

"1. That as a direct and proximate result of the negligence of the Defendant, *as found by the Court,* the Plaintiff sustained damages; and

"2. The nature, extent and amount of the damages thus sustained by the Plaintiff.

"If the Plaintiff has failed to establish any one or more of the foregoing numbered propositions by a preponderance of the evidence, your verdict will be for the Defendant on Plaintiff's Petition.

"On the other hand, if the Plaintiff has established by a preponderance of the evidence all of the above numbered propositions, then your verdict will be for Plaintiff." (Emphasis supplied.)

An earlier instruction stated: "The Court has determined as a matter of law that the defendant was negligent and that said negligence was a proximate cause of the accident."

Plaintiff argues that the court had directed *liability* for the plaintiff and that this instruction permitted the jury independently to reassess the matter which the court had directed. The plaintiff is wrong on two counts. The court did not direct "liability." The instruction did not permit the jury to reassess the matter which the court had directed. It is, of course, elementary that liability depends not only upon proof of negligence, but also on proof of causation of damage. The court directed the verdict only on the issue that the negligence had caused the collision. The extent of injury and damage proximately caused by the collision was, by the instruction, left to the jury. The two instructions must be read together. Jury instructions should be considered as a whole and the meaning of an instruction or instructions, when taken as a whole, must be considered and not just the phraseology of a particular part. Cooper v. Hastert, 175 Neb. 836, 124 N. W. 2d 387. The instruction given was not erroneous.

Instruction No. 11 to the jury was in part as follows: "In computing the damages arising in the future, if any, because of injuries, you must not simply multiply the damages by the length of time you have found they will continue or by the number of years you have found that the plaintiff is likely to live. Instead, you must determine their present cash value." The only evidence of future damages was the claim of pain and suffering related to the claim of permanent injury. The plaintiff asserts that the instruction is erroneous and cites Chicago & N. W. Ry. Co. v. Candler, 283 F. 881 (8th Cir., 1922); Kepler v. Chicago, St. P., M. & O. Ry. Co, 111 Neb. 273, 196 N. W. 161; and Culver v. Union P. R. R. Co., 112 Neb. 441, 199 N. W. 794. It is true that this court over the years has vacillated on the question of whether the jury should be instructed to reduce damages for future pain and suffering to present value. See the commentary to NJI No. 4.13. The utility of the rule is arguable, but it is one that everybody can live with if the rule is certain. The most recent pronouncements of this court have approved the procedure of instructing the jury to reduce damages for future pain and suffering to present value. Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109; Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329; Oberhelman v. Blount, 196 Neb. 42, 241 N. W. 2d 355. We adhere to the rule of those cases.

AFFIRMED.