HERMAN J. MERTEN ET AL., APPELLANTS, V. CLYDE S. PEDERSEN, DOING BUSINESS AS ACE HOUSE MOVING CO., ET AL., APPELLEES.

255 N. W. 2d 869

Filed July 13, 1977.  No. 41099.

Ralph R. Bremers, for appellant.

J. Michael Coffey of Emil F. Sodoro Law Office, for appellee Pedersen.

Terrence D. O'Hare of Boland, Mullin & Walsh, for appellees Skipton.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

Plaintiffs, Herman J. and Rose M. Merten, commenced this action in the District Court for Douglas County for damage to a house owned by plaintiffs. The damage was allegedly caused by piling dirt against a wall of the house.  The defendants were the adjoining landowners, James D. and Janice E.

Skipton, and Clyde S. Pedersen, an independent contractor employed by the Skiptons to excavate a basement under their house. At the conclusion of plaintiffs' evidence, the District Court granted a motion to dismiss as to the Skiptons. At the conclusion of all the evidence, the jury returned a verdict for the plaintiffs and against the defendant Pedersen in the amount of $50. The District Court entered judgment on the verdict and plaintiffs have appealed.

The Mertens were the owners of a house located at 2614 D Street in Omaha, Nebraska. The defendants, James and Janice Skipton, owned and lived in the house on an adjoining lot at 2618 D Street. The Merten house had not been occupied since 1964, except for a period from July 1970 to November 1971, when it was rented. Herman Merten conceded that the house was not in condition to rent at the time of the incidents involved here in the fall of 1973. The Merten house was built about 1900. A stucco exterior was first applied in 1943, and had not been renewed since then.

The Skipton home did not have a basement and in 1973 the Skiptons contracted with the defendant, Clyde S. Pedersen, doing business as Ace Moving Company, to dig a basement under their house. Pedersen had control of the work and supervised it. Since the distance between the Skipton house and the lot line was about 5 feet, it was necessary to place some of the dirt from the excavation on the Merten property. Mrs. Skipton obtained permission from Herman Merten to place dirt on the Merten property. In the process of the excavation part of the dirt was placed on the Merten property, some of it against the west wall of the Merten house. The dirt remained there for 12 to 14 days while the basement was being completed. The dirt was then removed and the yard restored. Herman Merten conceded that the lawn was better than it had been before the occurrence. On complaint by the Mertens,

defendants Skipton also replaced a basement window which had been broken.

The evidence was directly conflicting as to the cause of the damage, the cost of repair, and the value of the Merten house before and after the incident. The Mertens and their witnesses asserted that the damage to the wall, principally cracks in the stucco, was caused solely by the dirt which was piled against it, and estimates of the damage varied from $3,000 to $5,000. The Mertens individually testified that their house was worth $14,000 to $14,500 before the damage and only $9,000 or $10,000 afterwards. Defendant Pedersen's witnesses, on the other hand, testified that the condition of the wall was no different than the condition of the other walls of the Merten house and introduced photographs in evidence. A stucco contractor testified that the cracks were not caused by the dirt, and that it would cost approximately $200 to repair all the cracks on the west wall of the Merten house. A real estate appraiser testified that the house was worth $3,400 to $3,600 before the alleged damage was done, and that if the wall were repaired, the repair would increase the value by $75 to $125.

The Skiptons were dismissed as defendants on motion at the conclusion of the plaintiffs' evidence. At the close of trial, the case was submitted to the jury and the jury returned a verdict in favor of the plaintiffs and against the defendant, Clyde S. Pedersen, in the sum of $50. The plaintiffs have appealed.

Plaintiffs contend that the trial court erred in sustaining the motion to dismiss the defendants Skipton, and that the verdict of the jury was grossly inadequate.

It is undisputed in this case that the defendant Pedersen was an independent contractor and directed and supervised the work being done. The Skiptons employed the independent contractor to excavate the basement and retained no control over the work being done. There is no testimony that the Skiptons

knew or should have known that the dirt might be piled against the Merten house, or that such piling might cause damage. It is a general rule that one who causes work to be done is not liable for injuries that result to an adjoining owner from carelessness in the performance of the work by the employees of an independent contractor to whom he has left the work without reserving to himself any control over the execution of it. 1 Am. Jur. 2d, Adjoining Landowners, § 21, p. 704. While there are exceptions to the general rule, they are not applicable here. See Annotation, Liability of employer for injury to adjoining realty resulting from excavation work by independent contractor on his premises, 33 A. L. R. 2d 111. See, also, Restatement, Agency 2d, § 250, p. 549.

The plaintiffs contend that the verdict of the jury was grossly inadequate and was clearly the result of passion or prejudice. We disagree. The evidence here was in direct conflict as to the cause and extent of damage, the cost of repair, and the value of the house before and after the occurrence involved here. In a law action it is not within the province of the Supreme Court to weigh or resolve conflicts in the evidence. The credibility of witnesses and the weight to be given their testimony are for the trier of fact. Snay v. Snarr, 195 Neb. 375, 238 N. W. 2d 234. A verdict by a jury based upon conflicting evidence will not be set aside on appeal unless it is clearly wrong. Moser v. Jeffrey, 194 Neb. 132, 231 N. W. 2d 106. The verdict of a jury will not be set aside on appeal as inadequate unless it is so clearly wrong and unreasonable as to indicate passion, prejudice, or mistake. Abbott v. Northwestern Bell Tel. Co., 197 Neb. 11, 246 N. W. 2d 647.

The evidence here is sufficient to support the jury verdict and the verdict is not clearly wrong or unreasonable. The judgment of the District Court was correct and is affirmed.

AFFIRMED.