ROSEMARY HOWARD, APPELLANT, V. CLAYTON L. CHAMBERS, APPELLEE.

286 N. W. 2d 739

Filed January 3, 1980. No. 42431.

Clayton H. Shrout and Jerome A. Merwald, for appellant.

Richard M. Dustin and William J. Tighe, for appellee.

Heard before BOSLAUGH, MCCOWN, and CLINTON, JJ., and COLWELL and KELLY, L. W., JR., District Judges.

KELLY, L. W., JR., District Judge.

This is a negligence action for personal injury as a result of an automobile accident. The matter was tried before a jury in the District Court for Dodge County, Nebraska. The jury returned a verdict in favor of the defendant and the plaintiff has appealed. We affirm.

No complaint is made by the plaintiff of the instructions given by the court to the jury nor is complaint made of any errors in the trial of the matter. The plaintiff complains that the evidence is not sufficient to support the finding of the jury.

The facts in this case insofar as they relate to the accident itself are generally not controverted. The facts indicate that on the 3rd day of March, 1975, at approximately 4:30 p.m., the plaintiff was a passenger in a vehicle operated by her husband on the streets of Fremont, Nebraska. While waiting behind a stopped vehicle at an intersection, the vehicle in which the plaintiff was a passenger was struck in the rear end and knocked into the rear end of the stopped vehicle in front. The plaintiff claims an injury to her back as a result of this accident.

The plaintiff was seen by a family physician on the 25th day of March, 1975. At that time she related to the physician that she had pain in her left buttock and down her left leg to the heel.

The family physician had treated the plaintiff since September of 1970. At that time she complained of pain in her back and cervical area and in her right leg. The plaintiff had had back surgery in 1964. Subsequently, in October of 1970, the family physician again saw her, at which time she complained of pain in both of her legs "from her heels to the top of her head." The family physician saw her on many occasions and each time in relation to pain in her back or to one or both of her legs. In 1973 the family physician saw the plaintiff, at which time she complained of pain from her right buttock down to

her right heel and stated that she had had that pain since surgery in 1964.

As a result of the consultation on March 25, 1975, the family physician continued to treat the plaintiff until July of 1975, during which time he began referring her to various specialists. His testimony was that the pains she related to him were no different from those which she had had prior to the accident.

A specialist in the area of rehabilitation medicine testified for the plaintiff. He related many of the same symptoms as given by the family physician. As a result of his consultations and treatment, the specialist came to the conclusion that the plaintiff had a lumbosacral strain. The physician also testified that this resulted in disability to the plaintiff. The plaintiff's family physician, testifying for the defendant, stated that in his opinion this diagnosis was compatible with the condition of the plaintiff prior to the accident.

This case is very similar to a prior case decided in this court, to wit, Batterman v. Richardson, 189 Neb. 303, 202 N. W. 2d 613. Our court held that a jury verdict will not be set aside on appeal unless it is so clearly against the weight of the evidence as to be clearly the result of passion, prejudice, or mistake.

Our court has further held that in a law action it is not within the province of the Supreme Court to weigh or resolve conflicts in the evidence. The credibility of witnesses and the weight to be given their testimony are for the trier of fact. Merten v. Pedersen, 199 Neb. 34, 255 N. W. 2d 869.

There is ample evidence to support the verdict of the jury and the judgment of the District Court is therefore affirmed.

AFFIRMED.